McIlvaine, J.
Erom the testimony, it clearly appears that the payee of the note obtained the signature of the •defendant thereto (if the signature be genuine) by fraud •and without consideration. It would seem, therefore, that the judgment below must have been rendered in favor of the plaintiff on the ground that he was a bona fide holder •of the note, for a valuable consideration, before maturity. That the payee, upon such proof, could not have recovered on the note, is beyond doubt; and the same must be said ■of the plaintiff, unless his title was derived by indorsement ■of the payee before maturity. The provisions of the statute of February 25, 1820, making certain instruments negotiable, is, that such an instrument “ shall be negotiable by indorsement thereon,” etc.
It will be observed that the' plaintiff below did not sue ■,as indorsee. True, he alleged that the amount of the note was due to him; but that is not euough, if he claimed the protection due to an indorsee of negotiable paper. While ■section 122 of the code authorizes the form of pleading adopted by the plaintiff below, it also requires, in such mode of pleading, that the party pleading shall give a copy ■of the instrument “and the-indorsements thereon,” etc. In order, therefore, to secure the protection afforded to a bona fide indorsee of such instrument before maturity, by a *195 party who pleads under favor of section 122, it is necessary to give a copy of the indorsement relied on in the pleading.
In this petition, a copy of the note without any indorsement was given ; hence it must be assumed that the plaintiff did not claim as a bona fide indorsee before maturity, but ouly as the owner or assignee of the note.
The note, which was given in evidence, is attached to the bill of exceptions, and it is true'that the name of the payee appears indorsed thereon. But such indorsement appearing on the note after its maturity, even if its genuineness were admitted, would be only prima fade evidence of au averment that the same had been made before’maturity;. and in the absence of such averment, or its equivalent, such indorsement would not be evidence of any significance in the case. This is so for the simple reason that the right of the plaintiff- in the action was limited by the extent of his claim, and the defendant could not be required to disprove a fact not alleged against him.
Before the code, a party relying on the rights of a bona fide indorsee of negotiable paper transferred before maturity, was bound to plead his title specially. By section 122 of the code, the giving of a copy of the indorsement relied on, is made equivalent to the special averments before that time required; and the omission to give a copy of an indorsement in a pleading framed under the section, is equivalent to an omission to plead the indorsement specially under the former system.
Erom these views of the rights of the parties as involved in the issue arising upon the pleadings, it is clear that the judgment of the court of common pleas in favor of the defendant in error was contrary to the law and evidence, and that the district court erred in affirming the judgment.
•Judgments of the district court and of the court of córame pleas reversed, and cause remanded to the court of common pleas for further proceeding, etc.